UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLA HAMILTON,

Plaintiff,

- against -

CHASE BANK (USA), NATIONAL ASSOCIATION
and EQUIFAX INFORMATION SERVICES, LLC,

Defendants.



Case No. 1:20-cv-02566-GBD

## **STIPULATED PROTECTIVE ORDER**

WHEAREAS, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, disclosure of a trade secret or other confidential research, development, or commercial information may be limited by the Court to protect the confidentiality of such information; and

WHEREAS, the parties agree that any proprietary, trade secret or other confidential research, development, commercial or financial information, or information otherwise privileged as to non-parties to this action, or protected by a right of privacy disclosed by any of the parties in this action, shall be protected as set forth herein;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties that disclosure of confidential information shall be limited as follows:

1.  Scope. This Stipulation and Order shall apply to all information provided by the parties during the course of this litigation which a party has designated as confidential in accordance with paragraphs 3 and 4 hereof (hereinafter "Confidential Information").

2.  Use and Disclosure. No person receiving Confidential Information shall use or disclose such information for any business or competitive purpose whatsoever.

Confidential Information shall be used solely for the preparation, trial and/or settlement of this action, and shall not be communicated or used for any other purpose whatsoever. Such Confidential Information shall not in any event be disclosed except to the following persons (hereinafter "Qualified Persons") or Additional Persons as defined in paragraph 8:

(a)     counsel of record for the parties in this action;

(b)     direct employees or temporary personnel working for counsel of record for the parties in this action;

(c)     any party or director, officer or employee of a party or a party affiliate whose participation in the prosecution or defense of this action is deemed necessary by counsel of record for a party;

(d)     any former director, officer or employee of a party or a party affiliate whose participation in the prosecution or defense of this action is deemed necessary by counsel of record for a party;

(e)     independent outside experts, including, without limitation, accountants, analysts, and consultants and employees and assistants under control of any of the foregoing, who are engaged by counsel for the purpose of prosecuting or defending this action, subject to the parties providing notice to the party who produced Confidential Information (the "producing party") of at least ten (10) business days before disclosing Confidential Information to an expert or consultant who is or was within the preceding eighteen months an officer, director, employee or consultant of a party or of a competitor of the producing party, so that the producing party may apply to the Court for such further relief as it deems appropriate;

(f)     non-party witness testifying at a deposition or trial of this action;

(g)       stenographic reporters not regularly employed by the Court, who are engaged in such proceedings incident to the conduct of this action;

(h)       the United States District Court, Southern District of New York, and its authorized personnel, including stenographic reporters regularly employed by the Court to record or transcribe testimony or proceedings;

(i)       any person who was involved in the preparation of the designated material or who lawfully received or reviewed the designated material or to whom such Confidential Information had been previously made available in a manner not subject to the terms and conditions of this protective order.

Counsel or the Parties shall provide a copy of this Stipulation and Order to each Qualified Person to whom Confidential Information is to be disclosed, or to any additional person to be afforded such access pursuant to ¶ 8 of this Stipulation and Order ("Additional Person"). Each Qualified Person, excluding persons described in ¶ 2(f), and Additional Person must agree to be bound by the terms of this Stipulation and Order by executing the form annexed hereto as Exhibit "A" before any Confidential Information is disclosed to them. Confidential Information shall not be disclosed to anyone who has not signed this Stipulation and Order or executed the form annexed hereto as Exhibit "A", excluding persons described in ¶ 2(f).    Each Qualified Person and Additional Person is enjoined from disclosing such Confidential Information to any person except in conformance with the provisions of this Stipulation and Order, excluding persons described in ¶ 2(f).

Before any person described in ¶ 2(f) receives or is shown any designated materials, such person shall be given a copy of this protective order and (i) if a party or an

employee or representative of a party, the deponent shall agree in writing, in the form of the
Confidentiality Agreement attached hereto as Exhibit "A", to be bound by the terms hereof, (ii)
if a non-party witness, shall be asked by the examining party or its/his counsel to agree in
writing, in the form of the Confidentiality Agreement attached hereto as Exhibit "A", to be
bound by the terms thereof. The original of each such Confidentiality Agreement shall be
maintained by the Parties or their counsel and shall be produced for inspection by the adversary
upon request. However, no party shall be required to provide the adversary with a copy of
Exhibit "A" signed by a person described in ¶ 2(e) unless or until such person is designated as
an expert by that party. Any Party or its/his counsel may require the adversary to provide a
copy of the confidentiality agreement signed by a witness at a deposition before the witness is
deposed with regard to any Confidential Information.

Nothing in this protective order shall prevent a deponent from being shown the
original or a copy of a document marked "Confidential" or "Confidential – Attorney's Eyes
Only" for the purpose and to the extent necessary to determine whether, with respect to such
document, he or she is a person described in ¶ 2(i) above. If such deponent is not such a person,
he or she shall not further review or be examined about the contents of such confidential
document unless he or she is a person qualified to examine such designated material pursuant to
¶ 2 or ¶ 4.

3.    Designation of Confidentiality.    Any party may designate as
"Confidential" any document or response to discovery which that party considers in good faith
to contain information involving non-public, confidential, proprietary, trade secret, or other
confidential research, development, commercial or financial information, or information

otherwise privileged as to non-parties to this action or protected by a right of privacy. Documents shall be designated by a party as confidential at the time of production or copying by stamping the cover page and each other page of such item with the word "Confidential." Said marking is hereinafter referred to as a "Confidential Marking." If it is not practical to make such a mark on the cover page or on each and every page of the documents, appropriate measures shall be taken, such as the use of envelopes, binders, or containers stamped with a legend and then the parties will in good faith make arrangements such as will secure the protections afforded by this Stipulation and Order and proper notice to any party handling such documents.

(a)     Within ten (10) business days following receipt of the transcript by the party deposed or its/his counsel, such party shall designate in writing for the adversary those portions of the transcript which shall be designated Confidential Information or Attorney's Eyes Only. Any party may also designate the testimony of its own witness during a deposition as Confidential Information or Attorney's Eyes Only by so indicating on the record at the deposition. The court reporter shall mark the face of the affected pages of the transcript accordingly.

(b)     In the course of a deposition at which non-Qualified Persons are present, the party or its/his counsel shall state on the record prior to using any Confidential Information that the information about to be used is confidential, so as to give the producing party the opportunity to object to the use of such Confidential Information in the presence of non-Qualified Persons or to assert any other rights or objections with respect thereto.

(c)     When used in this Stipulation and Order, the term "document"
means any writing of any kind, including the original and each copy or draft thereof, as well as
every other means by which information is recorded or transmitted, including but not limited to
electronic mail, tape recordings, video recordings, microfilms, punch cards, computer magnetic
tape, computer discs, computer programs, printouts, data-processing records and the written
information necessary to understand and use such material, and any additional information or
material included within the scope of the Federal Rules of Civil Procedure ("FRCP"). The term
also includes, without limitation, (i) interrogatory responses, (ii) requests to admit and responses
thereto, (iii) documents produced by any party or non-party in this action, whether pursuant to
the FRCP, subpoena, agreement, or otherwise in the course of pretrial discovery, (iv) deposition
transcripts and exhibits, and (v) any portions of any papers, including court papers, that quote
from or summarize any of the foregoing.

4.     Attorney's Eyes Only Designation.  In the event that either party deems
certain Confidential Information to be extraordinarily sensitive, confidential and/or proprietary,
such that the disclosure of such Confidential Information, even under the protections accorded
such information under this Protective Order would nonetheless seriously prejudice the interests
of the party or any other person to whom the party has an obligation to hold such information
confidential, then in that event such Confidential Information may be designated with the
appropriate Confidential Marking and additionally marked:  "ATTORNEY'S EYES ONLY."
Any materials designated as "Attorney's Eyes Only" may be disclosed only to persons described
in paragraph 2(a), (b), (e), (f), (g), (h) and (i).  Nothing herein, however, shall preclude a party
which receives material, designated as "Attorney's Eyes Only" from requesting permission from

the producing party or from the Court to provide such materials to a Qualified Person. Unless such permission is given in writing from the producing party or its/his counsel, or an order authorizing such disclosure is issued by the Court, no unauthorized person shall be permitted to review any material designated as "Attorney's Eyes Only." All material designated as "Attorney's Eyes Only" shall be maintained by the receiving party in a secure area and under the highest standards of due care. Except as specified in this paragraph, all other provisions of this Stipulation and Order concerning Confidential Information shall also apply to material designated as "Attorney's Eyes Only".

     5.     <u>Filing with the Court</u>. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents which are filed with the Court for any purpose and which are designed "Confidential" or which reveal Confidential Information shall be filed under seal, and shall indicate "DO NOT FILE WITH PACER". The parties shall follow Part 6(A) of this Court's Individual Practices with respect to pretrial requests for filing under seal.

     6.     <u>Non-Confidential Material or Information</u>. The restrictions against disclosure set forth in this Stipulation and Order shall not apply to material or information:

     (a) which prior to disclosure in this action is in the possession or knowledge of the party receiving the disclosure, provided that such information is not subject to any prior restriction as to use or obligations as to confidence; or

     (b) which is at any time independently developed by a party or counsel, through proper and legitimate means without use or reliance upon any Confidential material or information; or

(c)     which is rightfully acquired by any party or counsel without restriction as to use or obligation as to confidentiality; or

(d)     which is made publicly available by the party claiming confidentiality or otherwise available to the public; or

(e)     which is required by law to be made available without reservation with respect to confidentiality.

7.      Objections to Designations.  A party receiving Confidential Information which has been designated "Confidential" or "Attorney's Eyes Only" by the producing party (including but not limited to Confidential Information filed with the Court under seal in accordance with the procedures set forth in paragraph 5 hereof), may move the Court to remove or change such designation.  If the receiving party objects to such designation, the receiving party shall first identify the material at issue, make its objection known to the producing party in writing, and request the change of designation or relief that is desired.  If the producing party refuses the same, or if a resolution is not otherwise achieved within fourteen (14) calendar days after receipt of such notice, then the receiving party may file a motion with the Court identifying and requesting an appropriate order changing or clarifying the status of the disputed material under this Protective Order.  Upon any such motion, the producing party shall have the burden of proof that the designation is proper for the disputed material.

8.      Disclosure to Additional Persons.  A party or its/his counsel may also request permission to disclose Confidential Information or Attorney's Eyes Only information to persons other than Qualified Persons (as defined in ¶ 2).  The Party or its/his counsel must present such request to the producing party or its/his counsel and, at that time, shall identify

each person to whom the Party or its/his counsel would make disclosure and the terms under which such disclosure would be made. If no agreement on disclosure or on appropriate terms for disclosure is reached, the Party or its/his counsel seeking disclosure of such Confidential or Attorney's Eyes Only materials may apply to the Court for a determination of whether the information should be disclosed as specified in the request. Until the Court makes such determination, no materials shall be disclosed to any additional person described in the request.

This Stipulation is intended to facilitate discovery notwithstanding party claims regarding confidentiality. An agreement by the Parties that information designated Confidential may be disclosed pursuant to this paragraph shall not be an admission that the information is not confidential or that it is not entitled to the full protection from disclosure afforded by this Stipulation and Order in all other respects. Nothing herein or any actions taken hereunder, nor any party's response or non-response thereto, shall constitute evidence, nor shall it be argued to constitute evidence, as to the merits of any party's claim or defense herein.

9.      Request for Production In Unrelated Legal Proceedings. In the event that any person having possession, custody or control of any Confidential Information receives any subpoena, process or order ("Process") to produce such information, from any person who is not a party, such person shall (1) notify telephonically and by mail counsel of record for the Parties, (2) furnish a copy of said Process to counsel of record for the Parties, and (3) cooperate, in good faith, with respect to all reasonable procedures sought to be pursued by Plaintiff and/or Defendants with respect to the Process. Said notice shall be given as soon as practicable to permit action by any affected party, but in no event later than seven (7) days of the receipt of the Process. The person receiving the Process shall be entitled to comply with it except to the

extent an order is entered modifying or quashing the Process. The person responding to the Process shall not be subject to sanctions for violating this Stipulation and Order if that person is ordered by a Court to respond to said Process or none of the parties hereto moves to quash or modify said process prior to the date that a response to said Process is due.

              10.    Effect of Designation. The designation of confidentiality permitted by this Stipulation and Order is intended solely to facilitate the pretrial and trial proceedings of this litigation. Such designation shall not be construed in any way as an admission or agreement by any party receiving the Confidential Information that the information is confidential as a matter of fact or law or an admission with respect to any factual or legal issue raised in this litigation. This Protective Order shall not limit the right of any party to object to discovery and/or object to the admission into evidence at any trial or otherwise of any matter. Nothing in this Confidentiality Stipulation shall be construed to alter the burden of any party imposed by Federal Rule of Civil Procedure 26(c) relative to the good cause showing required to limit or restrict disclosure of any document(s).

              11.    Copying of Confidential Information. The Parties and their counsel, and any person, witness, expert, or entity who obtains access to material or information designated as Confidential Information under this Stipulation and Order shall not make copies, duplicates, extracts, summaries or descriptions of the material or information or any portion thereof except as may be necessary in connection with preparation for and trial of this case and any appeals therefrom. Any such copies, duplicates, extracts, summaries or descriptions shall be treated as Confidential Information subject to all the terms and conditions of this Stipulation and Order.

Nothing in this Stipulation and Order shall foreclose any party designating information or material as Confidential Information from itself disclosing the same to others if it so chooses, and any such disclosure shall not constitute a waiver or relinquishment of the Confidential Information designation applicable to such information or material or the protection afforded by such designation, but for public disclosure set forth as provided in ¶ 6(d).

Confidential Information may be received by outside vendors such as copy services, translators, and stenographic reporters retained to copy, translate, record or transcribe testimony or documents in this action, provided that such vendors agree in writing by executing Exhibit "A", to safeguard the confidentiality of the materials and to return it upon completion of such services.

12.     Modification and Use of Confidential Information at Trial.     This Stipulation and Order may be modified by agreement of all the parties hereto in writing if approved by the Court or on motion to the Court.  This Stipulation and Order shall not be construed as a waiver or relinquishment of any party's right to introduce at trial documents designated as "Confidential."  The use and manner of handling any Confidential Information at trial will be resolved among the parties in advance of trial, with the assistance of the Court if necessary.

13.     Return of Confidential Information.  Upon final disposition of this action, including appeal, but subject to further order of the Court, the Parties and their counsel, upon written request by the producing party, shall, within sixty (60) days, destroy (and certify such destruction) or return to the producing party or its/his counsel all Confidential Information, including all copies thereof, which is not contained in marked exhibits or transcripts, provided

however that the Parties and their counsel may retain in their own files all pleadings, transcripts, exhibits, responses to discovery, notes and memoranda embodying Confidential Information, but any such pleadings, transcripts, exhibits, responses to discovery, notes and memoranda shall remain Confidential and subject to the restrictions contained in this Stipulation and Order. No part of the restrictions imposed by the Order hereon may be terminated, except by the written stipulation executed by counsel of record for a party (as to their own confidential materials only), or by an order of this Court. The termination of this action shall not automatically terminate this Order. This Court shall retain jurisdiction after such termination to enforce the provisions of this order.

14.    Inadvertent Failure to Designate as Confidential.    If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential Information without designating that document as Confidential, the party or witness shall preserve the Confidential designation by informing the party or parties to whom he, she or it has produced such document of the identification or number(s) of the document they desire to designate as Confidential. Such document shall be treated as Confidential Information pursuant to this Stipulation from and after the date the receiving party or parties receive such designation.

15.    Remedies/Sanctions for Violation.    The remedies for violation of this Stipulation and Order shall include all remedies applicable hereto in law and equity, including, but not limited to, the right to seek damages, injunctions or the imposition of sanctions for contempt.

16.     This protective order shall not abrogate or diminish any contractual, statutory or other legal obligation of any party with respect to the Confidential Information.  In the absence of a stipulation of all parties or order of the Court, the fact of such designation shall not be commented upon during the trial of this action.

17.     Application of the Order.  This protective order shall apply to all parties to this litigation, and any person or entity not a party to this litigation, upon their execution of a written stipulation agreeing to be bound by this protective order.  In the absence of such a written stipulation, the parties hereto shall be required to comply with the terms of this protective order as to documents or information provided by non-parties who refuse to stipulate to be bound by this protective order, upon designation by a party of such documents or information as Confidential Information.

18.     Effect of Stipulation and Order.  This Stipulation and Order shall be binding upon the parties and their successors and assigns.

Dated: July 10, 2020

LAW OFFICES OF ROBERT S.
GITMEID & ASSOCIATES, PLLC

THE LAW OFFICE OF
CHRISOPHER TURCOTTE, P.C.

By:___/s/Kenny G. Oh_____
    Kenny G, Oh
30 Wall Street, 8th Floor #741
New York, NY 10005
(866) 249-1137
*Counsel for Plaintiff*

By:___/s/Christopher B. Turcotte_____
    Christopher B. Turcotte
575 Madison Avenue, Suite 1006
New York, NY 10022
(212) 937-8499
*Counsel for Defendant Chase Bank USA, N.A.*
*n/k/a JPMorgan Chase Bank, N.A.*

**SO ORDERED.**

Dated: _____ JUL 1 3 2020 20

*George B. Daniels*

**GEORGE B. DANIELS**
**United States District Judge**